**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION**

**ANDREW ROSS, JR.**                                                              **PLAINTIFF**
**ADC #500692**

**V.**                  **CASE NO. 4:21-CV-44-JM-BD**

**JANICE BLAKE,** *et al.*                                                **DEFENDANTS**

**RECOMMENDED DISPOSITION**

**I.**      **Procedure for Filing Objections**

This Recommendation for dismissal has been sent to Judge James M. Moody Jr. Mr. Ross may file written objections with the Clerk of Court if he disagrees with the findings and conclusions set out in the Recommendation. To be considered, objections must be filed within 14 days. Objections should be specific and should include the factual or legal basis for the objection.

If Mr. Ross does not file objections, he risks waiving the right to appeal questions of fact. And, if no objections are filed, Judge Moody can adopt this Recommendation without independently reviewing the record.

**II.**      **Discussion**

Plaintiff Andrew Ross, Jr., an inmate at the Maximum Security Unit of the Arkansas Division of Correction (ADC), filed this civil rights lawsuit without the help of a lawyer. (Doc. No. 2) Mr. Ross claims that Defendants violated his due process rights when they subjected him to a "fraudulent" disciplinary hearing. (Doc. No. 2) The complaint, as filed, did not state a federal claim for relief. Rather than recommending

immediate dismissal of the lawsuit, however, the Court gave Mr. Ross thirty days to amend his complaint to state what punishment the Defendants imposed as a result of the disciplinary hearing in question. (Doc. No. 4) He has now filed his amended complaint. (Doc. No. 5)

As the Court explained in its January 21 Order, protection under the due process clause is triggered only where the inmate has a liberty interest at stake. See *Sandin v. Conner*, 515 U.S. 472, 484 (1995); *Phillips v. Norris,* 320 F.3d 844, 847 (8th Cir. 2003) Despite the Court's direction, the amended complaint does not state the punishment Mr. Ross received as a result of his disciplinary conviction; therefore, there are no allegations to support his claim that the Defendants violated his right to due process. See *Portley-El v. Brill*, 288 F.3d 1063, 1065–66 (8th Cir. 2002) (holding that 30 days in punitive segregation was not an atypical and significant hardship under *Sandin,*); *Orr v. Larkins,* 610 F.3d 1032, 1034 (8th Cir. 2010) (inmate was not deprived of liberty interest during nine months in administrative segregation); *Kennedy v. Blankenship,* 100 F.3d 640, 642-43 & n.2 (8th Cir. 1996) (placement in punitive isolation was not atypical and significant hardship despite restrictions in mail, telephone, visitation, commissary, and property privileges).

In his amended complaint, Mr. Ross cites various ADC policies that the Defendants allegedly violated. Even if these allegations are true, the Defendants' failure to abide by prison policies, standing alone, is not a violation of the United States Constitution.

## III.     Conclusion

The Court recommends that Mr. Ross's claims be DISMISSED, without prejudice, for failure to state a federal claim for relief. The dismissal should count as a "strike" for purposes of 28 U.S.C. § 1915(g).

DATED this 25th day of February, 2021.

_____
UNITED STATES MAGISTRATE JUDGE